Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3246 | **DATE** | 3/28/2002 |
| **CASE TITLE** | United States of America ex rel. Bernie Starks vs. William O'Sullivan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Stark's petition for Habeas Corpus pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, Stark's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 29 2002 date docketed | |
| X | Docketing to mail notices. | | | 26 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | vg (lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **United States of America,** *ex rel.* **Bernie Starks,** | )<br>)<br>) |
| Petitioner, | )<br>) No. 97 C 3246 |
| v. | )<br>) HONORABLE DAVID H. COAR |
| **William O'Sullivan** | )<br>) |
| Respondent. | ) |

DOCKETED
MAR 29 2002

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner's, Bennie Starks ("Starks"), writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Background

Starks is currently an inmate at the Western Illinois Correctional Center in Mt. Sterling, Illinois. On September 25, 1986, in the Circuit Court of Lake County, Starks was convicted of two counts of aggravated criminal assault, one count of attempted aggravated criminal sexual assault, one count of aggravated battery and one count of unlawful restraint. He was sentenced to concurrent extended terms of sixty years imprisonment for both counts of aggravated criminal sexual assault, an extended term of 30 years for attempted aggravated sexual assault and an extended term of ten years for aggravated battery. No sentence was imposed on the unlawful restraint charge. Starks appealed his convictions and sentences, and on June 2, 1988, the Appellate Court of Illinois, Second District, affirmed the convictions and sentences. On July 7, 1988, Starks filed a petition for leave to appeal to the Supreme Court of Illinois, which was



denied on October 6, 1988. Starks did not file a petition for post-conviction relief.

On April 22, 1997, Starks delivered the petition for writ of habeas corpus to prison authorities, with an application to proceed in forma pauperis and a payment request voucher directing that the funds for the application fee be withdrawn from his trust account. (Pet. Finding of Fact ¶ 4.). This court found, in a Memorandum Opinion and Order dated September 11, 1998, that Starks' petition was deemed filed as of the moment he handed the pertinent papers to prison officials.

### Habeas Corpus Standard of Review

"When a federal district court reviews a habeas corpus petition pursuant to 28 U.S.C. § 2254, it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the Untied States.' The court does not review a judgment, but the lawfulness of the petitioner's custody simpliciter." Coleman v. Thompson, 501 U.S. 722, 730 (1991) (citations omitted). A federal court may grant habeas relief " 'only when there is a violation of federal statutory or constitutional law." ' Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990) (citation omitted).

A federal court cannot address the merits of a habeas petition unless the Illinois courts have first had a full and fair opportunity to review the petitioner's claims. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.), cert. denied sub nom., Farrell v. McGinnis, 502 U.S. 944 (1991). Illinois courts have a full and fair opportunity to consider the claims raised in a habeas petition if (1) the petitioner has exhausted all available state remedies, and (2) the petitioner has raised all of his claims during the course of the state proceeding. Id. "If the answer to either of these inquires is 'no,' the petition is barred ..." Id. (citation omitted).

Exhaustion of state remedies is determined as of the time that the habeas petition is filed.

Verdin v. O'Leary, 972 F.2d 1467, 1483 (7th Cir.1992). A habeas petitioner has exhausted all state remedies when (1) he presents his claims to the highest state court for a ruling on the merits or (2) no state remedies remain available to the petitioner at the time his federal habeas petition is filed. Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982); Farrell, 939 F.2d at 410.

In determining whether a claim was properly raised, the court focuses on whether the petitioner's federal claims were "fairly presented" to the state court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Jones v. Washington, 15 F.3d 671, 675 (7th Cir.), cert. denied, 512 U.S. 1241 (1994); Verdin, 972 F.2d at 1473. Procedural default has occurred when claims that "could have been but [were] not presented to the state court and cannot, at the time the federal court reviews the habeas petition, be presented to the state court." Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir.1992), cert. denied sub. nom, Resnover v. Carter, 508 U.S. 962 (1993).

A federal court may nonetheless address the merits of a procedurally defaulted claim if the petitioner can demonstrate "cause" sufficient to excuse the procedural default and "actual prejudice" resulting from a failure to obtain review of the merits. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.), cert. denied, 116 S.Ct. 528 (1995). For a petitioner to demonstrate sufficient cause, there must be some external impediment that prevented the petitioner from raising the claim. Murray v. Carrier, 477 U.S. 478, 488 (1986). Alternatively, the cause and prejudice standard may be satisfied where review of a state prisoner's claim is necessary to correct "a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. The fundamental miscarriage of justice exception is linked to the petitioner's innocence. See Schlup v. Delo, 513 U.S. 298, 322-23 (1995). The exception may be established by demonstrating that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt in light of any new evidence. Id. at 327.

For those claims that survive the exhaustion and procedural default analysis, the standard of review is strict. The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The amendments created by the AEDPA state that federal courts must deny a petition for habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The Supreme Court, however, has stated that these amendments do not apply to habeas cases that were pending before the passage of the AEDPA. Lindh v. Murphy, 117 S.Ct. 2059 (1997).

**Analysis**

As grounds for relief, petitioner alleges the following issues:

(1) Petitioner is being held in violation of the his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because evidence currently exists, but has not been disclosed and/or released to him by the prosecution, which could exonerate him and prove that he is innocent of the crime charged.

(2) Petitioner's conviction and sentence on the two counts of aggravated criminal assault and attempted criminal sexual assault, violate his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United states Constitution, because the complaint first denied being sexually assaulted and her eventual cry fo rape was not corroborated by any direct or circumstantial evidence.

(3) Petitioner is being held in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because the per se application of the Rape Shield Statute denied Petitioner his right to confront the complaining witness, and the evidence sought was material to the controversy presented to the jury;

(4) Petitioner is being held in violation of his rights under the Fifth, Sixth, Eighth,

and Fourteenth Amendments to the United States Constitution, because the facts used to establish the element of the "force" for the sexual assault are the same facts used to establish the offense of aggravated battery;

(5) Petitioner is being held in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because the statute upon which Petitioner's convictions for aggravated criminal sexual assault and attempted aggravated criminal sexual assault are based is overbroad, ambiguous, and violates due process; and

(6) Petitioner is being held in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, when it sentenced Petitioner to extended term sentences for two counts of aggravated criminal sexual assault.

A. Procedural Default

Respondent argues that petitioner's arguments 1, 3,4,5, and 6 are each procedurally defaulted from consideration under § 2254.

1. Claim 1

Petitioner is being held in violation of the his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because evidence currently exists, but has not been disclosed and/or released to him by the prosecution, which could exonerate him and prove that he is innocent of the crime charged. Respondent argues petitioner failed to raise this issue prior to his petition and is therefore procedurally defaulted.

The United States Supreme Court, in Rose v. Lundy, 455 U.S. 509(1982), has held that for the purposes of federal-state comity, fair presentment of an issue to the state courts is a pre-condition to federal habeas relief. Id. at 515. Therefore, in order for a petitioner to raise an issue on habeas review the state courts must have had an opportunity to address the issue. Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995); Burgin v. Broglin, 900 F.2d 990, 996-97 (7th Cir. 1990). When a "claim could have been but was not presented to the state court and cannot, at

time that the federal court reviews the habeas petition, be presented to the state court," the claim is procedurally defaulted. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992), cert. denied, 508 U.S. 962 (1993).

In this case, petitioner is in fact raising Claim 1 for the first time on habeas review. By failing to raise this claim in state court, the petitioner has not afforded the state courts any opportunity to review this claim, and the claim is procedurally defaulted.

The petitioner may overcome a procedural default by demonstrating "cause" sufficient to excuse the procedural default and "actual prejudice" resulting from a failure to obtain review of the merits. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.), cert. denied, 116 S.Ct. 528 (1995).

In support of Claim 1, petitioner asserts that a DNA examination of the physical evidence currently available will result in his exoneration and conclusively prove that he did not commit the charged offense. Petitioner explains the timing of this argument by stating that "[t]his physical evidence and/or the scientific technology necessary to conduct DNA testing on said evidence, did not exist and/or had not been adequately developed and/or was not widely accepted by the scientific community at the time of Petitioner's trial." The petitioner concludes by contending that if this evidence is lost, "an innocent man may be convicted."

The petitioner's above supporting facts, however, do not demonstrate "cause" sufficient to excuse the procedural default. Sykes, 433 U.S. at 87. The petitioner does not explain why he did not make this argument in his appeal to the Appellate Court of Illinois. Consequently, petitioner is not entitled to relief for this claim.

2. Claims 4 and 6

In Claims 4 and 6, petitioner presents constitutional claims for relief. In Claim 4,

petitioner alleges that he is being held in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because the facts used to establish the element of the "force" for the sexual assault are the same facts used to establish the offense of aggravated battery. In Claim 6, petitioner alleges that he is being held in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, when it sentenced Petitioner to extended term sentences for two counts of aggravated criminal sexual assault. Respondent argues that petitioner's claims are procedurally defaulted because he failed to present these issue as constitutional claims to the Illinois Appellate Court.

To be entitled to federal habeas relief, a petitioner must establish that he is being held in violation of the United States Constitution or the law or treaties of the United States. See Haas v. Abrahamson, 910 F.2d 384, 398 (7th Cir. 1990). A federal habeas petitioner must first present the substance of his federal claim to the state courts, so that they have the opportunity to apply constitutional principles and correct constitutional error committed by the trial court.

As mentioned above, the United States Supreme Court has held that for the purposes of federal-state comity, fair presentment of an issue to the state courts is a pre-condition to federal habeas relief. in Rose, 455 U.S. at 515. Therefore, in order for a petitioner to raise an issue on habeas review the state courts must have had an opportunity to address the issue. Rodriguez, 63 F.3d at 555. Burgin, 900 F.2d at 996-97. Presentation of a similar state-law claim will not be sufficient to meet this requirement. Anderson v. Harless, 459 U.S. 4,6 (1982)*(per curiam)*. Instead, a petitioner is only entitled to review, under federal habeas corpus standards, where he has presented his claim "in such a way to fairly alert the state court to any applicable constitutional grounds for the claim." Sullivan, 731 F.2d at 453. When a "claim could have been

but was not presented to the state court and cannot, at time that the federal court reviews the habeas petition, be presented to the state court," the claim is procedurally defaulted. Resnover, 965 F.2d at 1458.

In Verdin v. O'Leary, the United States Court of Appeal for the Seventh Circuit adopted a four prong test to determine whether a petitioner has fairly presented an issue to the state courts. 972 F.2d 1467 (7th Cir. 1992). Under this standard, the court must consider whether a petitioner's argument to the state court:

>   (1)   relied on pertinent federal cases employing constitutional analysis;
>   (2)   relied on state cases applying constitutional analysis to similar factual situations;
>   (3)   asserted the claim in terms so particular as to call to mind a specific constitutional right; or
>   (4)   alleged a pattern of facts that is well within the mainstream of constitutional litigation.

Id. at 1473-74(citations omitted). Where a petitioner has not met any of these conditions, "the court will not consider the state courts to have had a fair opportunity to consider the claim." Id. Additionally, even where one of these factors is present, waiver is not automatically avoided. Id. Rather, "the court must consider the facts of each case" in determining whether it will find an issue procedurally defaulted. Id.

In this case, the petitioner has not satisfied any of the above conditions with respect to Claims 4 and 6. In Claim 4, the petitioner alleges that his constitutional rights have been violated because the facts used to establish the element of the "force" for the sexual assault are the same facts used to establish the offense of aggravated battery. Starks, however, did not present this argument in his brief before the Illinois Appellate Court. Rather, the argument in the petitioner's state court brief focused on the propriety of the petitioners conviction under the Illinois law. Specifically, the petitioner alleged that under Illinois law he could not have been convicted of

aggravated criminal sexual assault when the force used to prove aggravation also was used to prove his conviction for aggravated battery. In his brief, the petitioner relied on Illinois case law. These cases, however, do not employ a constitutional analysis. When the Illinois Appellate Court addressed the petitioner's claim, the court did so under Illinois law and not under a constitutional analysis.

Finally, petitioner failed to allege a pattern of facts that is well within the mainstream of constitutional litigation. According to Verdin, the fourth factor arises when a petitioner has employed "a particular idiom for, or formulation of, a federal claim" adopted specifically by the local legal culture. Verdin, 972 F.2d at 1475 (citing Nadworny v. Fair, 872 F.2d 1093, 1098 (1st Cir. 1989)). The petitioner's contention, that he could not have been convicted of aggravated criminal sexual assault and aggravated battery when the force for aggravation was the same for both offense, in and of itself, without further reference to cases employing a constitutional analyses, could not have sent a signal to the Illinois Appellate Court that the petitioner's claim was one based on the constitution as well as Illinois law. Consequently, Claim 4 of Starks' habeas petition is procedurally defaulted. Finally, as the petitioner has not demonstrated cause" sufficient to excuse the procedural default and "actual prejudice" resulting from a failure to obtain review of the merits, the petitioner is unable overcome this procedural default.

The petitioner alleges in Claim 6 that he is being held in violation of his constitutional rights, when the trial court sentenced petitioner to extended term sentences for two counts of aggravated criminal sexual assault. First, similar to Claim 4, petitioner did not rely on any federal or supreme court cases to support his allegation, but rather, only claims that the imposition of the extended term sentences was improper under the Illinois sentencing code. Second, the petitioner did not cite any cases employing a constitutional analysis. Instead, the

cases cited by petitioner focus on the propriety of his sentence under the Illinois sentencing code. Third, the petitioner's claim does not rest on facts that plainly give rise to a constitutional claim. The Illinois Appellate Court treated this issue as one that concerned only the propriety of petitioner's sentence under the Illinois sentencing code. Fourth, the petitioner failed to allege facts that are well within the mainstream of constitutional litigation. The petitioner's contention, that the trial violated his constitutional rights when it sentenced him to extended term sentences for two counts of aggravated criminal sexual under the Illinois sentencing code, did not provide the requisite "particular idiom for, or formulation of, a federal claim." Verdin, 972 F.2d at 1475. Consequently, Claim 6 of Starks' habeas petition is procedurally defaulted. Finally, as the petitioner has not demonstrated cause" sufficient to excuse the procedural default and "actual prejudice" resulting from a failure to obtain review of the merits, the petitioner is unable overcome this procedural default.

3. Claims 3 and 5

In Claim 3, petitioner alleges that he is being held in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because the per se application of the Rape Shield Statute denied Petitioner his right to confront the complaining witness, and the evidence sought was material to the controversy presented to the jury. In Claim 5, petitioner alleges he is being held in violation of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because the statute upon which Petitioner's convictions for aggravated criminal sexual assault and attempted aggravated criminal sexual assault are based is overbroad, ambiguous, and violates due process. Respondent argues that since the Illinois Appellate Court found Claims 3 and 5 waived on direct appeal, they are procedurally defaulted based on an independent and adequate state ground.

"When a state court relies explicitly on a state procedural default rule in declining to review a federal question, a federal court sitting in habeas corpus jurisdiction must accept that determination as an 'adequate and independent state ground' for decision of the issue." Williams v. Chrans, 894 F.2d 928, 934 (7th Cir. 1990) (citing Harris v. Reed, 489 U.S. 255 1989); Coleman v. Thompson, 501 U.S. 722, 750 (1991). The adequacy of a State procedural requirement is measured against concerns that the requirement is novel or sporadically applied. See Williams v. Lane, 826 v. 654, 659 (7th Cir. 1989). Barring inadequacy of an independent state law procedural bar to raising a federal constitutional claim, the bar may be excused only if the habeas petitioner can show (1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

In Claim 3, the petitioner alleges that the *per se* application of the Rape Shield Statute denied petitioner his right to confront the complaining witness, and the evidence sought was material to the controversy presented to the jury. Specifically, the petitioner claims that he should have been able to explain the 69-year old victim's relationship with another man to explain the presence of the semen. Starks raised this raised this exact claim on direct appeal to the Illinois Appellate Court and that court found that under Illinois law the petitioner had waived this issue for appeal. The trial court conditionally granted the State's motion *in limine* to preclude the Petitioner from presenting any evidence concerning the victim's prior sexual activity with anyone other than the petitioner. The trial court conditioned application of the Rape Shield Statute on the evidence presented in the State's case-in-chief and an offer of proof from the petitioner as to what evidence he would adduce on cross-examination if he sought to present evidence of other sexual relationships. The Illinois Appellate Court found that because the

petitioner never attempted to make an offer of proof, this issue was waived.

Waiver of an issue in state court bars review of that issue on habeas corpus based on an independent and adequate state ground. Lostutter v. Peters, 50 F.3d 392, 394 (7th Cir. 1995). Accordingly, this claim is procedurally defaulted. As the habeas petitioner has not shown either that cause for the default and actual prejudice is a result of the alleged violation of federal law; or that the failure to consider the claims will result in a fundamental miscarriage of justice, Claim 3 remains procedurally defaulted. Coleman, 501 U.S. at 750.

With respect to Claim 5, the Illinois Appellate Court found this claim waived under Illinois law because the petitioner failed to raise this issue at trial nor did he raise it in a post-trial motion. Accordingly, this issue was also decided by the Illinois Appellate Court based on an independent and adequate state procedural ground and this claim is also procedurally defaulted. Without any proof or argument by the petitioner that the cause for the default and actual prejudice is a result of the alleged violation of federal law; or that the failure to consider the claims will result in a fundamental miscarriage of justice, Claim 5 remains procedurally defaulted.

B. Non-Cognizable Claims

In Claim 1, petitioner alleges that he is being held in violation of the his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, because evidence currently exists, but has not been disclosed and/or released to him by the prosecution, which could exonerate him and prove that he is innocent of the crime charged. Respondent argues that because petitioner is making a "free standing" claim of actual innocence which is predicated on his claim that if he is allowed to have DNA testing done on some of the evidence which was used at trial, petitioner has failed to state a claim for which relief can be granted.

In order to be entitled to federal habeas relief, petitioner must establish that he is being held in violation of the Constitution, laws or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Haas v. Abrahamson, 910 F.2d 384, 389 Cir. 1990). A claim of "actual innocence" in a collateral proceeding must be accompanied by a constitutional violation. Herrera v. Collins, 506 U.S. 390, 400 (1993). A claim of actual innocence is not-cognizable in habeas corpus if it is not accompanied by an independent constitutional violation. Id. at 400-01.

Given that the petitioner is not making a claim that the prosecution prevented him from receiving exculpatory evidence at trial since he argues that this testing was not even available at the time of his conviction, as per Brady v. Maryland, 373 U.S. 83 (1963), the petitioner's claim is untenable. Starks may not use his habeas petition as mechanism by which to re-open discovery and conduct DNA testing.

## Conclusion

For the foregoing reasons, the Stark's petition for a writ of habeas corpus is denied. This case is closed.

Enter:

_____
David H. Coar
United States District Judge

Dated: March 28, 2002